**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| The Cafesjian Family Foundation, Inc., Individually and on behalf of the Armenian Genocide Museum and Memorial, Inc. and John J. Waters, Jr. |
| Plaintiffs, |
| v. |
| The Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc. |
| Defendants. |

Civil File No. 1:07-cv-01746 (RWR)

**DEFENDANTS' STATUS REPORT**

Defendants, the Armenian Genocide Museum and Memorial, Inc. ("AGM&M"), Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc. ("the Assembly") (hereinafter "Defendants") submit this Status Report pursuant to the Order issued at the Court's December 19, 2007 Status Conference. As the parties were unable to agree on the content to be included in the Report, the Defendants have submitted this report on their own behalf, and have invited the Plaintiffs to file a supplemental Status Report, or Reply, to the extent Plaintiffs believe there is additional information that should be presented to the Court. This Status Report responds to the following inquiries by the Court:

***I.     What permissions are needed before construction and/or demolition can begin?***

Defendants have been advised that, prior to any construction or demolition, it will be necessary to secure, at a minimum, the following:  verification that all tax payments

BOS-1153039 v3
2121705v1

are current (AGMM has an anticipated bill due in March of $170,000 for all of the lots);

approval from the District of Columbia Historic Preservation Review Board (DC HPRB);

building permits, demolition permits, and other zoning approval.

Both the exterior and portions of the interior of the National Bank site are

designated as landmarks on the National Register of Historic Buildings, and, as a result of

these designations, may not be substantially altered.  Thus, it will also be necessary to

have any proposed plans for the building approved by the District of Columbia Historic

Preservation Review Board (DC HPRB).  The architect under contract is in the process of

preparing a filing to request a hearing with the DC HPRB regarding plans for the

restoration and renovation of the bank building.  The proposed design has not yet been

filed with the DC HPRB, but Defendants intend to do so during the third week of January

with the goal of securing a hearing as soon thereafter as possible.  The actual date of the

hearing or when approval will be received from the DC HPRB or the other governmental

entities is impossible to predict, but is expected for February.  Once the DC HPRB

approval process is complete, other permit or other applications will be filed.  The

Defendants assert that the prompt filing of all permits and other applications is required

in order to ensure that the project stays on the current timeline for opening in 2010.

Except for remedial and maintenance work, no work is currently being done on

any of the sites that affects the existing buildings.  Any actual construction or demolition

will require the issuance of the approvals and permits noted above.  However, assuming

the permitting process is allowed to proceed expeditiously, Defendants assert that the

project is on track for the museum to open in 2010.

**II.     *Is anything else needed from any government or quasi government agencies before construction and/or demolition can begin?***

In addition to the permitting and approval noted above, it will be necessary to ensure the closure of all utility lines through the properties prior to any demolition and/or construction, as well as approval from health and sanitation entities and possibly approval from neighboring land owners or at least review of any rights they might have with respect to the development.  Mortgage payment on one of the buildings of $150,000, due in March, must also be current.

**III.     *What contracts need to be finalized before construction and/or demolition can begin and how far along are you in that process?***

The AGM&M has signed contracts with two Washington area firms specializing in museum planning and construction to begin the development and construction of the AGM&M, which firms had previously been invited to submit proposals for the site.  A museum planning contract was signed with Gallagher & Associates (http://www.gallagherdesign.com).  Phase one and two architecture contracts were signed with Martinez & Johnson Architecture (http://www.mjarchitecture.com).

Gallagher & Associates is currently preparing a schematic design package for AGM&M based on the interpretive plans established during the conceptual design phase. Martinez & Johnson Architecture is currently preparing schematic design, design development and construction documents for the AGM&M.  These materials will be part of the HPRB and permitting processes.  Both firms have begun the process of sub-contracting with other firms.

2121705v1

In October 2007, AGM&M produced a video available at http://www.armeniangenocidemuseum.org, which describes the status of the museum and construction as of that date.

## IV.    *Proposed Scheduling*

In light of the foregoing, as well as the possible application of a disputed reversionary clause in a Grant Agreement between the Assembly, Cafesjian, and CFF which would be triggered if the museum is not opened by December 31, 2010,[1] the other litigation between Plaintiffs and Defendants, and Plaintiffs continued use of their personally owned media outlets to disparage the Defendants efforts at building the museum, Defendants strongly endorse the Court's suggestion that this matter be scheduled for a full hearing on the merits at the end of January or the beginning of February 2008.  Due to the existence of the reversionary clause as well as financing and permitting requirements, any delay in the development of the museum could, potentially, render the creation and development of the AGM&M impossible.  Accordingly, Defendants assert that, as Trustees of AGM&M, they have a fiduciary duty to ensure the opening of the museum before 2011 in order to avoid the application of the reversionary clause.

---

[1] Defendants assert that, due to the existence of the reversionary clause, any delay in the development of the museum will, effectively, render the creation and development of the AGM&M impossible, as it will result in the immediate return to Cafesjian or CFF of the properties donated by Cafesjian to the AGM&M.

2121705v1

- 5 -

Respectfully submitted,

Dated:  December 28, 2007         **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**


By:      /s/  David. T. Case
            David T. Case (D.C. Bar No. 384062)
            Bruce Nielson
            1601 K Street, N.W.
            Washington, D.C. 20006
            Tel:  (202) 778-9000
            Fax:  (202) 778-9100

            AND


                 /s/
            Arnold R. Rosenfeld
            Naoka E. Carey
            One Lincoln Street
            Boston, MA 02111
            Tel: (617) 261-3155
            Fax: (617) 261-3175

         **COUNSEL FOR DEFENDANTS**

2121705v1