**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| The Cafesjian Family Foundation, Inc., Individually and on behalf of the Armenian Genocide Museum and Memorial, Inc. and John J. Waters, Jr.<br>Plaintiffs,<br><br>v.<br><br>The Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc.<br>Defendants. | Civil File No. 1:07-cv-01746 (RWR) |

**JOINT STATUS REPORT**

Defendants, the Armenian Genocide Museum and Memorial, Inc. ("AGM&M"), Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc. ("the Assembly") (hereinafter collectively "Defendants"), and Plaintiffs, John J. Waters, Jr. ("Waters") and Cafesjian Family Foundation ("CFF") (hereinafter collectively "Plaintiffs") through their counsel, hereby submit this Joint Status Report pursuant to the Court's Order. The purpose of this Status Report is to respond to the Court's inquiries regarding the proposed schedule in the event that the parties' continuing efforts to mediate this matter are not successful.

**I. Procedural Status of Case:**

Plaintiffs' Application for Preliminary Injunction, filed on November 27, 2008, is currently pending before the Court. Defendants have filed an Opposition to the Application.

At the last hearing in this matter on December 19, 2007, the Court orally allowed Plaintiffs' uncontested Motion to Amend their Complaint. Defendants advised the Court that they would be filing a Motion to Dismiss Plaintiffs' Complaint as amended. The Court referred the parties to mediation with Magistrate Judge Alan Kay (a mediation had previously been

scheduled with Judge Kay for January 7, 2008 through a related matter) and instructed the parties to defer the filing of further Motions until the parties had completed their efforts to resolve their disputes via mediation. The Court further instructed the parties to file a Status Memorandum reporting on the outcome of the mediation efforts and, if mediation efforts were unsuccessful, the parties' proposed schedule for proceeding on the case, by January 18, 2008.

On January 7, 2008, representatives of the parties and their counsel attended a full day mediation session with Judge Kay. Based on the discussions that day, the parties believed that further settlement discussions might be fruitful and therefore requested, via Judge Kay, that the deadline for submitting the Status Report be extended. On January 15, 2008, the parties also executed a Settlement Protocol which confirmed the terms for settlement that the parties had agreed upon at the January 7, 2008 mediation conference and which set forth the structure for proceeding with further settlement negotiations. The Court subsequently extended the deadline for filing the Status Report to February 22, 2008. The parties engaged in settlement discussions throughout January and the first part of February. To date, however, no negotiated resolution of this matter has occurred.

On February 12, 2008, Defendants advised Plaintiffs that they had withdrawn a previously filed Arbitration Demand filed with the American Arbitration Association. Defendants had previously orally advised Plaintiffs that they viewed a dispute over arbitration jurisdiction to be unnecessary and wasteful and that it would be more productive to resolve the underlying disputes between the parties as expeditiously as possible. Accordingly, Defendants advised Plaintiffs that, if settlement efforts proved to be unsuccessful, Defendants would proceed to resolve the claims set forth in the Arbitration Demand through litigation in the District Court for the District of Columbia. On February 13, 2008, Plaintiffs initiated a new declaratory

judgment action in the District Court of Minnesota, seeking declaratory relief on the claims set forth in the Arbitration Demand (Docket No. 1:08 cv 373). On February 15, 2008, Defendants filed a new action in the District Court for the District of Columbia (Docket No. 1:08 cv 00255), which matter has been assigned to this Court and which sets forth claims previously asserted in Defendants' now withdrawn Arbitration Demand.

## II. Defendants' Proposal Regarding Further Proceedings:

In view of the fact that the settlement negotiations are stalled as a result of the Plaintiffs failure to negotiate in good faith and failure to abide by the terms for settlement which were agreed upon by the parties at the January 7, 2008 mediation, Defendants assert that Plaintiffs' apparent purpose is to delay these proceedings in order to wrongfully profit by a reversionary clause set forth in a Grant Agreement executed between the Assembly, CFF and Cafesjian in November 2003. Since Plaintiffs are well aware that any delay in these proceedings, in particular any delay which imposes limitations or restraint on the AGM&M Trustees' ability to promptly develop the museum, will irreparably harm the AGM&M and, potentially, cause the complete destruction of the museum project and inequitable profit for the Plaintiffs, Defendants seek immediate action on this case.

There are five properties which are incorporated into the present design plan for the AGM&M: the National Bank of Washington Building at 14th and G Streets, N.W. (619 14th Street, NW), Washington, D.C. ("the National Bank site"), and four additional properties located at 1334, 1338, 1340, and 1342 G Street, N.W., Washington, D.C. ("the adjacent lots") (collectively the properties are referred to herein as "the museum properties"). To the extent that any or all of the museum properties are subject to a Grant Agreement by and between Cafesjian, CFF ("the Grantor"), and the Assembly (which Agreement is discussed in detail in Defendant's

Opposition to Plaintiffs' Application for Preliminary Injunction),[1] Plaintiffs argue that they are also subject to a reversionary clause in that agreement which states that if the properties are not developed prior to December 31, 2010, or if the properties are "not developed in substantial compliance with [Plans to be approved by the AGM&M Board of Trustees]," then,

> **to the degree any portion of the Grants has been funded, at the Grantor's sole discretion, the Assembly shall return to the Grantor the Grant funds or transfer to the Grantor the Grant property.**

Due to the existence of the reversionary clause, any delay in the development of the museum will, effectively, render the creation and development of the AGM&M impossible, as it will result in the immediate return to Cafesjian or CFF of the properties donated by Cafesjian to the AGM&M. Accordingly, the Trustees of AGM&M have a fiduciary duty to ensure the expedited development of the project in order to avoid the application of the reversionary clause.

Defendants assert this case can be resolved on the pleadings and documents already on file with the Court. Accordingly, the Defendants propose to file a Motion to Dismiss Plaintiffs' Amended Complaint on or before March 3, 2008, with any Opposition to be filed on or before March 14, 2008, any Reply to be filed by March 21, 2008, and a hearing on same to be scheduled before the end of March. Defendants further request that, in the event that the Court elects to grant Plaintiffs' request for a hearing on Plaintiffs' Application for Preliminary Injunction (Defendants assert that a hearing is unnecessary), that a hearing on Plaintiffs' Application for Preliminary Injunction be held as soon as possible, and in any event no later than the end of March.

---

[1] The application of the Grant Agreement to the properties is disputed.

To the extent the Court determines that additional evidence is required, the Defendants propose, consistent with the Court's suggestion, that the Court schedule an immediate full evidentiary hearing to rule on Plaintiffs' claims on the merits, such hearing to occur in March.

## III. Plaintiffs' Proposal Regarding Further Proceedings:

Settlement negotiations stalled because defendants refused to negotiate and compromise. Although plaintiffs are interested in settlement, defendants have repudiated all of plaintiffs' efforts to reach an accord. Plaintiffs have yet to receive a single counteroffer to four different settlement demands. As a result, plaintiffs believe that the opportunity for settlement is greatly diminished.

Despite defendants' accusations, plaintiffs do not intend to delay the proceedings or to "wrongfully profit" from anything. Plaintiffs simply seek to require the AGM&M and its Trustees to abide by the terms of the charter documents and governing contracts. Defendants have unilaterally excluded the Cafesjian Family Foundation and its designated trustee from AGM&M corporate governance and have, without trustee authorization, attempted to plan and develop a museum that contravenes AGM&M's charter documents and corporate obligations. Defendants cannot be allowed to proceed with museum planning and development in order to simply defeat the valid and binding reversionary clause. Defendants must comply with the AGM&M by-laws and AGM&M's contractual obligations – which expressly require the participation of CFF and its designated trustee in all aspects of the AGM&M project. In the absence of court intervention, defendants will continue to ostracize plaintiffs from museum planning, will construct an inferior museum, and will sell property that was specifically designated – by the donors – for museum and memorial purposes.

Plaintiffs assert that an injunction is necessary to maintain the status quo while the Court proceeds to the merits of this dispute. Plaintiffs have requested oral argument on their

Application for Preliminary Injunction, and proffer that a hearing on that motion be scheduled for early April 2008. In the event defendants file a motion to dismiss, plaintiffs propose that the Court set the briefing schedule as follows: (1) defendants' moving papers due March 3, 2008; (2) plaintiffs' opposition papers due March 25, 2008; and (3) defendants' reply papers due April 1, 2008.[2] If the Court determines that a hearing is necessary, the hearing on plaintiffs' Application for Preliminary Injunction and defendants' Motion to Dismiss should be jointly scheduled for early April 2008.

Despite defendants' purported motion to dismiss, plaintiffs assert that discovery in this matter is appropriate and necessary to enable the Court to rule on the merits. Plaintiffs propose that the parties engage in discovery – including depositions – before any evidentiary hearing is scheduled. An evidentiary hearing should not be scheduled before August 1, 2008.

[2] Plaintiffs' lead counsel, Timothy Thornton, will be unavailable from March 7 through March 17, 2008, and requests that the briefing schedule on defendants' motion to dismiss be set accordingly.

Dated: February 20, 2008

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**

By: /s/ David. T. Case
David T. Case (D.C. Bar No. 384062)
Bruce Nielson
1601 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 778-9000
Fax: (202) 778-9100

AND

/s/ Arnold R. Rosenfeld
Arnold R. Rosenfeld
Naoka E. Carey
One Lincoln Street
Boston, MA 02111
Tel: (617) 951-9125
Fax: (617) 261-3175

**COUNSEL FOR DEFENDANTS**

**BRIGGS AND MORGAN, P.A.**

By: /s/ Molly M. Borg
Timothy R. Thornton (Minn. #109630)
Molly M. Borg (Minn. #0331922)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
(612) 977-8400

**AND**
**HOGAN AND HARSTON LLP**
By: /s/ Peter C. Lallas
Ty Cobb (DC Bar No. 270736)
Peter C. Lallas (D.C. Bar No. 384062)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Tel: (202) 637-5600

**COUNSEL FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| The Cafesjian Family Foundation, Inc., Individually and on behalf of the Armenian Genocide Museum and Memorial, Inc. and John J. Waters, Jr.<br>Plaintiffs,<br>v.<br>The Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc.<br>Defendants. | Civil File No. 1:07-cv-01746 (RWR)<br><br>**(PLAINTIFFS' PROPOSED) ORDER** |

This matter is before the Court on the parties' Joint Status Report. Based on the submissions, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss and supporting papers are due on or before March 3, 2008;

2. Plaintiffs' Opposition papers to defendants' Motion to Dismiss are due on or before March 25, 2008;

3. Defendants' Reply papers in support of its Motion to Dismiss are due on or before April 1, 2008;

4. A hearing on Plaintiffs' pending Application for Preliminary Injunction and Defendants' forthcoming Motion to Dismiss will jointly scheduled in early April 2008; and

5. The parties shall have the opportunity to engage in discovery as soon as possible and before any evidentiary hearing is scheduled.

Dated: ____________________, 2008

______________________________
Judge Richard W. Roberts

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

The Cafesjian Family Foundation, Inc., Individually and on behalf of the Armenian Genocide Museum and Memorial, Inc. and John J. Waters, Jr.

Plaintiffs,

v.

The Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc.

Defendants.

Civil File No. 1:07-cv-01746 (RWR)

**(DEFENDANTS' PROPOSED) ORDER**

This matter is before the Court on the parties' Joint Status Report. Based on the submissions, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss and supporting papers are due on or before March 3, 2008;

2. Plaintiffs' Opposition papers to defendants' Motion to Dismiss are due on or before March 25, 2008;

3. Defendants' Reply papers in support of its Motion to Dismiss are due on or before April 1, 2008;

4. A hearing on Plaintiffs' pending Application for Preliminary Injunction will scheduled prior to March 7, 2008; and

5. A hearing on the defendant's Motion to Dismiss will be scheduled for April 1, 2008; and

6. The parties shall not engage in discovery until there is a hearing and ruling on the pending Application for Preliminary Injunction and Motion to Dismiss .

Dated: ____________________, 2008

______________________________

Judge Richard W. Roberts



2145747v1