UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| The Cafesjian Family Foundation, Inc., and John Waters, Jr., individually and on behalf of the Armenian Genocide Museum and Memorial, Inc.,<br><br>        Plaintiffs,<br><br>  v.<br><br>Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian and the Armenian Assembly of America, Inc.,<br><br>        Defendants. | Civil File No. 07-1746 (RWR)<br><br>**PLAINTIFFS' MOTION FOR IMMEDIATE HEARING ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

      An immediate hearing on plaintiffs' Application for Preliminary Injunction, which has been pending since December 2007, is necessary. At the December 19 status conference, the Court directed defendants to refrain from modifying or altering any of the properties in dispute and to advise plaintiffs and the Court of any project developments. Defendants agreed. With that commitment, the preliminary injunction motion was put on hold. In the interim, the Court referred the matter to mediation before Magistrate Judge Kay.

      The parties have since struggled to achieve settlement, to no avail. Magistrate Judge Kay conducted full scale mediations on January 7, 2008, February 25, 2008 and again on March 27, 2008. In between formal mediations, counsel were in regular communication and exchanged various proposals for a negotiated resolution.

      During the March 27, 2008 session – and completely unbeknownst to plaintiffs or their counsel and despite an order for the parties to be present at the settlement conference – defendant Van Krikorian snuck out of the courthouse to appear before the District of Columbia Historic

Preservation Review Board (HPRB).  (*See* Borg Aff. Ex. A.)  At that meeting, the HPRB seemingly approved defendants' preliminary plans to turn the old bank building into a museum.  (*Id*.)  Neither plaintiffs nor the Court were advised that any action for further project development was in the works.  If Krikorian had notified plaintiffs about the public meeting, a Cafesjian representative would have attended.

Defendants' surreptitious tactics demonstrate that they are ploughing forward with their unilateral project and that they have no intention of respecting the Court's admonition about maintaining the status quo.  The threat of this harm is palpable:  defendants are now poised to concoct a museum pursuant to a plan that defies AGM&M's founding mission and donor intent.

Defendants continue their démarche without regard to plaintiffs' interests or input.  Yet AGM&M action requires 80% board of trustee approval.  Neither CFF nor its designee was notified of a trustee meeting to review and approve museum plans or to authorize the presentation of such plans to the HPRB.  This capricious alienation of Cafesjian is the very reason that injunctive relief was initially sought.

The exclusion of Cafesjian from AGM&M governance and project planning prevents plaintiffs from discharging their duty to ensure that AGM&M's actions conform to corporate purpose and procedures.  Defendants' apparent determination to develop an inferior museum will permanently modify the bank building, a historically significant structure.  In fact, securing HPRB approval for one plan would likely prevent or at least hamper approval of a plan that would garner the requisite 80% trustee approval – thus prejudicing an attempt to cure the harm that has been inflicted.  The injury to plaintiffs and AGM&M cannot be quantified:  HPRB approvals may be irreversible and likely would impede the submission of additional or modified plans.  If the Court ultimately determines that defendants have acted in excess of their authority,

all action regarding the dwarfed museum would be void – but the damage inflicted upon the bank building by the second-rate development could not be undone.

If that were not enough, defendants have flouted their obligation to negotiate in good faith. The Cafesjian interests eagerly participated in mediation before Magistrate Judge Kay, focusing their attention on an a negotiated resolution. No less was expected from defendants. While plaintiffs were committed to that process, defendants' secretly moved forward with their development scheme. Defendants obviously knew that the HPRB presentation was scheduled at a time when plaintiffs would be preoccupied with settlement. Such a stratagem mocks the candor upon which good faith bargaining depends. Plaintiffs would never have made the concessions that were yielded in hopes of resolving this dispute if defendants' skullduggery had been known. Such deviousness cannot be condoned.

Defendants' conduct destroys credibility. Obviously informal commitments to this Court mean nothing to them. To prevent any further irreparable harm, an immediate hearing on the pending preliminary injunction motion is essential. In the meantime, defendants should be ordered to take no further action affecting any of the five properties.

Plaintiffs' lead counsel is available for hearing on April 14, 15, 18, 21, 24, 28, 29 or 30, 2008.

Dated: April 2, 2008

                **BRIGGS AND MORGAN, P.A.**

                By:  /s/ Molly M. Borg
                      Timothy R. Thornton (Minn. #109630)
                      Molly M. Borg (Minn. #0331922)
                      2200 IDS Center
                      80 South Eighth Street
                      Minneapolis, MN 55402-2157
                      (612) 977-8400

                **HOGAN AND HARSTON LLP**

                By:  /s/ Peter C. Lallas
                      Ty Cobb (DC Bar No. 270736)
                      Peter C. Lallas (D.C. Bar No. 384062)
                      555 Thirteenth Street, N.W.
                      Washington, D.C. 20004-1109
                      Tel: (202) 637-5600

                **COUNSEL FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| The Cafesjian Family Foundation, Inc., and John Waters, Jr., individually and on behalf of the Armenian Genocide Museum and Memorial, Inc.,<br><br>    Plaintiffs,<br><br>v.<br><br>Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian and the Armenian Assembly of America, Inc.,<br><br>    Defendants. | Civil File No. 07-1746 (RWR)<br><br><br><br>**AFFIDAVIT OF MOLLY M. BORG IN SUPPORT OF PLAINTIFFS' MOTION FOR IMMEDIATE HEARING ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION** |

COUNTY OF HENNEPIN  )
                              ) ss
STATE OF MINNESOTA  )

    Molly M. Borg, under oath state as follows:

    1.    Attached as Exhibit A is a copy of the press release issued by the Armenian Genocide Museum of America on March 28, 2008. This press release is available at http://www.armeniangenocidemuseum.org/HPRB.pdf.

                                            *s/ Molly M. Borg*
                                            Molly M. Borg

Subscribed and sworn to before me
this 2nd day of April, 2008.

*Barb McNabb*
Notary Public
My Commission Expires: January 31, 2010

2159220v1

**Armenian Genocide Museum of America**
1140 19th Street, NW, Suite 600, Washington, DC 20036
Phone: 202-383-9009, Web: www.armeniangenocidemuseum.org

FOR IMMEDIATE RELEASE
March 28, 2008
CONTACT: Rouben Adalian
Phone: (202) 383-9009
E-mail: ani@agmm.org
Web: www.armeniangenocidemuseum.org

### DISTRICT OF COLUMBIA HISTORIC PRESERVATION REVIEW BOARD APPROVES ARMENIAN GENOCIDE MUSEUM OF AMERICA PROPOSAL
**Planners complimented on imaginative use of historic building**

In a public hearing convened on March 27, the Historic Preservation Review Board (HPRB), which is charged with responsibility for the protection, enhancement and perpetuation of properties of historical, cultural and aesthetic merit in the District of Columbia, in a unanimous vote gave concept approval for the Armenian Genocide Museum of America (AGMA). The plans call for restoring the exterior of the historical bank building, modifying the interior to accommodate the museum exhibits, and building a new glass structure next to the historic bank, which will be surfaced with native Armenian stone to complement the bank building.

HPRB Chairman Tersh Boasberg complimented AGMA and its team for their care in developing a project, "that's what historic preservation is all about," adding that AGMA's plans for the structure to deal with the Armenian Genocide were "exciting."

Van Krikorian, chairman of the museum building and operations committee, opened by thanking HPRB members for the interest they have taken in the project. He stated that AGMA is excited about the project, and is moving forward with special "sensitivity to the history of the building," and stressed that AGMA wanted to preserve the historical building in which it will be housed, especially considering our experience from the Genocide and Armenians' own sensitivity to preserving important historical structures. He thanked the HPRB and those who had contributed for their involvement and assistance.

Upon hearing principal architect Gary Martinez present in detail the proposed museum and the restoration plans for the former bank building located two blocks from the White House, HPRB also commended AGMA for the team assembled to create what it described as a "highly imaginative project." HPRB described the museum plans as "dramatic" use of the historically-designated building. Details of some sensitive interior issues remain to be worked out as the development progresses, and AGMA indicated its flexibility in working with the HPRB in that process. HPRB Commission members and staff had several questions and constructive comments.

Earlier in the week, the AGMA planning team made presentations to the DC Preservation League and the Advisory Neighborhood Committee's Community Development Committee (ANC-CDC). The DC Preservation League, a community-based organization, strongly endorsed the project and its representative Patrick Burkhardt called the proposal to locate a museum in the historic building a "textbook marriage." The ANC-CDC also endorsed the project.

Following the unanimous vote, Krikorian again thanked the HPRB, the AGMA staff, architects, exhibit planners, and project managers, adding "this is a great day for all of us committed to

Exhibit A

opening a first class Armenian Genocide Museum in Washington." HPRB Chairman Boasberg closed the hearing by saying that the Armenian Genocide Museum project will "add to the kind of vitality that historic preservation can provide" in the heart of downtown Washington, with a benefit for the District of Columbia as well as national and international audiences.

The former National Bank of Washington has interior and exterior designations on the National Register of Historic Places. Only a dozen privately-owned structures in the capital city have such a high level of historic designation. The bank building is slated for complete restoration and renovation, as well as application as the exhibit space for AGMA. HPRB concept approval and enlistment of local community support registered two certified milestones in opening the museum on schedule.

HPRB commissioners are appointed by the mayor of the District of Columbia. The presentation they heard was prepared by the firm of Martinez & Johnson Architecture, whose talents and experience in rehabilitating especially ornate historic buildings was noted. The architectural team was supported by representatives from Gallagher & Associates contracted by AGMA as its exhibit design firm, the Armenian National Institute serving as the research arm of the museum project, and by the project management firm of Regan Associates.

Martinez & Johnson Architecture and Gallagher & Associates have been working on the development of the museum project since mid-2007. Regan Associates joined the planning team in February of this year. Among several museum and other projects led by the firm, most recently Regan Associates completed the Orientation Center, Education Center, and Museum at Mount Vernon Estates, the home of President George Washington.

NR#2008-01





UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| The Cafesjian Family Foundation, Inc., and John Waters, Jr., individually and on behalf of the Armenian Genocide Museum and Memorial, Inc., <br><br>            Plaintiffs, <br><br>    v. <br><br> Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian and the Armenian Assembly of America, Inc., <br><br>            Defendants. | Civil File No. 07-1746 (RWR) <br><br><br><br> **ORDER** |

This matter is before the Court on Plaintiffs' Motion for Immediate Hearing. Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion is **GRANTED**;

2. This matter is set for hearing on April __, 2008 at ____; and

3. Defendants and their agents are prohibited from taking any and all action with respect to any of the five Washington D.C. properties in dispute until further notice: (a) 615-621 14th Street NW; (b) 1334-36 G Street; (c) 1338 G Street; (d) 1340 G Street; and (e) 1342 G Street.

Dated: _____, 2008

_____
Judge Richard W. Roberts
United States District Court Judge

2159192v1