UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Cafesjian Family Foundation, Inc. and John J. Waters, Jr., Individually and on behalf of the Armenian Genocide Museum and Memorial, Inc., <br><br>　　　　　Plaintiffs, <br><br> v. <br><br> The Armenian Genocide Museum and Memorial, Inc., Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc. <br><br>　　　　　Defendants. | Civil File No. 1:07-cv-01746 (RWR) |

## OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants, the Armenian Genocide Museum and Memorial, Inc. ("AGM&M"), Hirair Hovnanian, Anoush Mathevosian, Van Krikorian, and the Armenian Assembly of America, Inc. (the "Assembly" and, together with all other defendants, the "Defendants"), hereby submit their Opposition to Plaintiffs' Motion for Leave to Amend Complaint dated July 17, 2008 ("Motion to Amend"). As discussed below, the Motion to Amend was filed nearly six months after the February 1, 2008 deadline which the Parties agreed to and proposed to this Court for the filing of Amended Complaints. Without any explanation for the delay or for the complete abandonment of Plaintiffs' prior claims, the Motion to Amend seeks to discard all of Plaintiffs' previously filed claims, replacing such claims with entirely new claims which are identical to Counterclaims asserted by Plaintiffs in another action pending before this Court (Docket No. 08-255). Essentially conceding that all of their prior claims lacked merit, Plaintiffs now ask this Court to ignore the past year of litigation, which they themselves initiated, and which has been enormously costly for Defendants, so that they can bring an entirely new action before this Court. In this context, Plaintiffs' request to amend their Complaint is both unnecessary (in light

SF-158706 v3

of the other pending action) and excessively prejudicial to Defendants. Accordingly, Defendants request that the Motion to Amend be denied, that Defendants' pending Motion to Dismiss be granted, with costs and fees awarded to Defendants, and that the Court deny Plaintiffs' Application for Preliminary Injunctive Relief and rule that Plaintiffs may not enjoin Defendants from proceeding with the development and construction of the museum.

## I.    Relevant Factual Background and Procedural History

As an initial matter, the Motion to Amend is replete with inaccuracies and misstatements of fact, including misrepresentations regarding the status of other pending actions as well as Plaintiffs' counsel's purported attempts to confer regarding the filing of the Motion, which never occurred.[1] Accordingly, for the purposes of clarification, a short recitation of the factual and procedural history of this action, as well as the related actions, is set forth below.

This matter arises out of the unremitting campaign by the Plaintiffs, Cafesjian Family Foundation, Inc. ("CFF") and John J. Waters ("Waters" and collectively with CFF, "Plaintiffs"), to halt Defendants' efforts to build a museum and memorial to the victims and survivors of the Armenian Genocide. Plaintiffs' efforts to prevent the museum from being built, despite the fact that the Assembly and the Armenian-American community have devoted a decade of planning and financial support to making the project a reality, has no legal basis but instead appears to be motivated by the personal pique and/or desire for personal profit of CFF's controlling officer and

---

[1] In direct contravention of Local Rule 7(m), Plaintiffs' counsel failed to confer in good faith regarding the filing of the Motion to Amend. In early July, Plaintiffs' Counsel noted that they intended to file some sort of Motion to Amend at some point in the future, but did not, in response to questions from Defendants' counsel, provide any information regarding which action such a Motion would be filed in, what kind of amendment or relief they would be seeking, or even when they would be seeking an amendment. Plaintiffs' counsel did not ask Defendants' counsel whether they would assent to the filing of the Motion to Amend, and no meaningful discussion could have taken place regarding "the relief requested," as required by Rule 7(m), as Plaintiffs' counsel did not provide notice of or a copy of the proposed Amended Complaint to Defendants' counsel. The Motion to Amend's assertion at ¶ 7 that such conference occurred is simply inaccurate.

Trustee, Gerard L. Cafesjian ("Cafesjian"). In addition to four separate lawsuits,[2] Cafesjian has also engaged in a publicity war, using the newspaper which he controls to disparage the other AGM&M Trustees and, indeed, to publish the same press release which he now alleges, through the proposed Second Amended Complaint, is defamatory.

The true agenda behind this action, from the beginning, has been Cafesjian's plan to bring a halt to the museum project in order to obtain the return of substantially appreciated real estate from AGM&M. As set forth in previously filed pleadings, at the time of the creation of AGM&M, Cafesjian and CFF entered into a Grant Agreement with the Assembly, which Grant Agreement provides for the alleged reversion, to CFF, of certain "Grant Property" donated to AGM&M in the event that the museum is not developed by December 31, 2010. It is apparent that Cafesjian now intends to use the Courts as a tool to achieve such a reversion, by causing endless delay and by asserting (and then abandoning) frivolous claims which the Defendants are forced to incur expense to address.

On May 7, 2007, a duly noticed and convened meeting of the AGM&M Board of Trustees occurred, at which all of the persons eligible to vote were present. At the meeting, Defendants questioned Waters (CFF's designee Trustee) regarding his and Cafesjian's actions during their tenure managing AGM&M, and their actions in threatening to and then filing a suit which sought rescission of all of CFF's donations to AGM&M (the meeting preceded

---

[2] In addition to this action, CFF, Cafesjian, and Waters filed three Complaints in the U.S. District Court, District of Minnesota: (1) a Complaint (Docket No. 07-cv-2079) which sought recission of a Grant Agreement between Cafesjian, CFF and the Assembly which provided significant funding for AGM&M; (2) a Complaint for Injunctive Relief (Docket No. 07-cv-4212) which sought to halt an Arbitration proceeding filed by AGM&M and the Assembly with the American Arbitration Association; and (3) a Complaint (Docket No. 08-cv-373) which sought declaratory relief with respect to the claims originally asserted by AGM&M and the Assembly in the Arbitration proceedings. While Plaintiffs' Motion to Amend would have the Court believe that these actions were dismissed solely through the efforts of Plaintiffs, the actions were, in fact, dismissed through the efforts of both sides, after settlement discussions had occurred, via Joint Stipulations of Dismissal and an assented to Motion to Transfer.

Cafesjian's filing of three additional actions).  The Defendants requested that Waters explain or respond to these and other conflicts of interest on the part of Waters, Cafesjian and CFF with respect to the development of the museum.[3]  Unwilling to answer the other Trustees' legitimate fiduciary inquiries, Waters voluntarily departed the meeting.  Under D.C. corporation law, a quorum continued to exist despite Waters' departure.  Indeed, as he departed the meeting, Waters himself confirmed that the other Trustees could proceed, stating "I am going to be leaving the meeting under protest.  Anything that you do from this point forward, you can consider it to be a quorum if you like because it says that it is, anything you vote on, you can do whatever you want, but anyway my participation in this meeting is over."  See Affidavit of John J. Waters, Jr. submitted in support of Application for Preliminary Injunctive Relief, at Exhibit 4.  Accordingly, the remaining Trustees continued with the business of the meeting, including authorizing a Building and Operations Committee to proceed with, and direct, the development of the museum, as permitted by the By-Laws.

In response to the Trustees' efforts to go forward with the planning, construction, and development of the museum, Plaintiffs filed the instant action on September 28, 2007, which purported to assert derivative claims on behalf of AGM&M as well as a single ultra vires act claim by CFF individually, all on the basis of the conduct that occurred at and subsequent to the meeting.  On November 27, 2007, Plaintiffs also filed a request for a Preliminary Injunction.  On the same day, the parties conducted a Rule 26(f) conference, at which the Parties agreed that all amended pleadings would be filed on or before February 1, 2008.  Plaintiffs subsequently sought to amend their Complaint to add Waters as a Plaintiff; Defendants assented to the proposed

---

[3] Cafesjian's, Waters' and CFF's breaches of fiduciary duty to AGM&M and the Assembly are the subject of separate action filed in the District Court for the District of Columbia (Docket No. 08-cv-255).

- 4 -

amendment, which was allowed on December 19, 2008 at a Status Conference before the Court. On December 10, 2007, Defendants filed an Opposition to the Application for Preliminary Injunction.

At the December 19, 2007 Status Conference, Defendants advised the Court that they would be filing a Motion to Dismiss Plaintiffs' Complaint as amended. The Court referred the parties to mediation with Magistrate Judge Alan Kay (a mediation had previously been scheduled with Judge Kay for January 7, 2008 through a related matter) and instructed the parties to defer the filing of further Motions until the parties had completed their efforts to resolve their disputes via mediation. The Court further instructed the parties to file a Status Memorandum reporting on the outcome of the mediation efforts and, if mediation efforts were unsuccessful, the parties' proposed schedule for proceeding on the case, by January 18, 2008.

On January 7, 2008, representatives of the parties and their counsel attended a full day mediation session with Magistrate Judge Kay. Based on the discussions that day, the parties believed that further settlement discussions might be fruitful and therefore requested, via Judge Kay, that the deadline for submitting the Status Report be extended. On January 15, 2008, the parties also executed a Settlement Protocol which confirmed the terms for settlement that the parties had agreed upon at the January 7, 2008 mediation conference and which set forth the structure for proceeding with further settlement negotiations. The Court subsequently extended the deadline for filing the Status Report to February 22, 2008. The parties engaged in settlement discussions throughout January and early February. It soon became apparent to Defendants, however, that Plaintiffs appeared to have little genuine interest in settlement, but were instead interested in delaying the proceedings as long as possible in the hopes of triggering the alleged reversionary clause. First, Plaintiffs quickly reneged on the agreed-upon structure for further

settlement negotiations. Then, in early February, Plaintiffs filed their third Minnesota action, effectively bringing settlement discussions to a halt. Accordingly, on March 4, 2008, pursuant to a schedule proposed by the Parties, Defendants filed a Motion to Dismiss the instant action. The Motion to Dismiss has not yet been ruled upon.

On July 17, 2008, nearly ten (10) months after filing their initial Complaint and six (6) months after the agreed upon deadline for seeking amendments, Plaintiffs filed the Motion to Amend. As previously noted, the proposed Second Amended Complaint abandons **all** of Plaintiffs' previously asserted claims, and instead asserts nine (9) new claims, all of which have also been asserted as Counterclaims in a separate matter, Docket No. 08-255.[4] Plaintiffs offer no explanation whatsoever for the delay in asserting these claims, or for the complete abandonment of the prior claims, for which Plaintiffs sought Preliminary Injunctive Relief. Indeed, Plaintiffs actions would be completely inexplicable if not for the existence of the alleged reversionary clause. As is apparent from Plaintiffs' abandonment of the claims, the substantive merit of the claims asserted are of no interest to Plaintiffs. Rather, Plaintiffs are solely interested in using this Court to cause undue delay in the completion of the museum, and undue expense to AGM&M, in order to attempt to wrongfully profit from the alleged reversionary clause.

## II.     Legal Argument

   A.     As Plaintiffs' Requested Amendment is Unduly Delayed, Made in Bad Faith, and Prejudicial to Defendants, the Motion to Amend Should be Denied

As Plaintiff's concede, leave to amend a complaint should be freely given only "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999). Here, Plaintiffs' Motion to Amend violates three of these five factors, as Plaintiffs have unduly

---

[4] On July 25, 2008, Defendants filed a Motion to Consolidate all of the actions pending before this Court, including the action transferred from the District of Minnesota.

delayed in filing the new claims (and provide no explanation for same), and have, in bad faith, abandoned all of the previously asserted claims in order to assert entirely new claims, which claims they have already asserted in another pending matter. The new claims have almost nothing to do with the earlier asserted claims, and include claims which arise out of entirely different sets of facts. Plaintiffs' undue and unexplained delay in asserting these claims, as well as their abandonment of their earlier claims after seeking injunctive relief on the basis of same, unduly prejudice Defendants, as Defendants have been forced to bear the cost of litigating these matters for the past year.

    This Court has held that where the proposed complaint "expand[s] the allegations beyond the scope of the initial complaint," prejudice may result. Lover v. District of Columbia, 248 F.R.D. 319, 324 (D.D.C. 2008) (internal quotations and citation omitted). In Lover, this Court denied plaintiff's request for leave to amend the complaint where plaintiff sought to expand the allegations well beyond the scope of the original complaint and where such allegations would "undoubtedly necessitate further extensions of the discovery deadline and would delay the ultimate resolution of this litigation." Id. See also Atchison v. District of Columbia, et al., 73 F.3d 418, 427 (D.C. Cir. 1996) (affirming lower court's denial of plaintiff's motion for leave to amend his complaint where the prospect that defendant might have chosen different counsel, sought different discovery, or undertaken a different litigation strategy was sufficient prejudice to deny leave).

    Where, as here, the proposed Second Amended Complaint does not just exceed the scope of the initial complaint, but entirely dispenses with it in order to assert a new cause of action, it is apparent that the proposed "amendment" (which is, in fact, simply a request to replace the previously filed action with an entirely new case) will delay the ultimate resolution of the

litigation and cause substantial prejudice to Defendants, who have already incurred substantial costs and fees in defending the now abandoned claims.  Moreover, as Plaintiffs have another action through which to resolve these claims, namely the action in which the same claims have been asserted as Counterclaims, no prejudice will inure to Plaintiffs as a result of this Court's denial of the Motion to Amend.  The Motion to Amend should therefore be denied.

      B.      As Plaintiffs Have, In Effect, Conceded that Their Previously Asserted Claims Are Utterly Without Merit, the Court Should Deny Plaintiffs' Application for Preliminary Injunctive Relief, Rule that Plaintiffs May Not Enjoin Defendants from Developing the Museum, Grant Defendants' Pending Motion to Dismiss and Award Defendants Their Fees and Costs

The content of the proposed Second Amended Complaint confirms that Defendants' previously filed claims, for *ultra vires* acts, breach of fiduciary duty, and other derivative claims on behalf of AGM&M, are without any legal merit and are asserted solely for the purpose of forcing the Defendants to incur legal fees and costs and to delay the development of the museum. Accordingly, this Court should rule on Defendants' previously filed Motion to Dismiss and grant the dismissal, awarding fees and costs to Defendants in light of Plaintiffs' apparent bad faith in filing the claims.  In addition, the Court should deny Plaintiffs' Application for Preliminary Injunctive Relief and rule that Plaintiffs may not enjoin Defendants from proceeding with the development and construction of the museum.

Here, the Plaintiffs have engaged in vexatious, oppressive litigation solely for the purpose of causing damage to the Defendants and in an improper, bad faith effort to trigger the reversionary clause.  In these circumstances, an award of fees and costs is more than warranted. See Roadway Express v. Piper, 447 U.S. 752, 766 (1980) (fees may be awarded against a party who has acted in bad faith); Swedish Hosp. Corp. v. Shalala, 845 F. Supp. 894, 897 (D.D.C. 1993) (under common law, fees and costs awards are permitted against a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons) (internal quotations omitted).

Where, as here, Plaintiffs have "litigated the case in full knowledge that it had no merit, then subsequent actions taken purely to prolong the litigation" are considered to be bad faith. Shalala, 845 F. Supp. at 899.

## III.    Conclusion

WHEREFORE, Defendants respectfully request that the Court DENY Plaintiffs' Motion to Amend, DENY Plaintiffs' Application for Preliminary Injunctive Relief and rule that Plaintiffs may not enjoin Defendants from proceeding with the development and construction of the museum, GRANT Defendants' Motion to Dismiss, and award Defendants their fees and costs incurred.

Respectfully submitted,

Dated:  July 28, 2008          **K&L GATES LLP**

By:    /s/ David T. Case
       David T. Case (D.C. Bar No. 384062)
       Bruce H. Nielson (D.C. Bar No. 414440)
       1601 K Street, N.W.
       Washington, D.C. 20006
       Tel:  (202) 778-9000
       Fax:  (202) 778-9100

       AND

       /s/
       Arnold R. Rosenfeld (MA Bar No. 428860)
       Naoka E. Carey (MA Bar No. 655312)
       One Lincoln Street
       Boston, MA 02111
       Tel: (617) 261-3155
       Fax: (617) 261-3175

**COUNSEL FOR DEFENDANTS**